**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EDUARDO OREGON** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Cause No. _____** |
| | § | |
| | § | |
| **DOLGENCORP OF TEXAS** | § | |
| **d/b/a DOLLAR GENERAL** | § | |
| *Defendant.* | § | |

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

TO:    The Honorable United States District Court for the Southern District of Texas, Houston Division:

Defendant, Dolgencorp of Texas, Inc. (hereafter, "*Defendant*"), files this notice of removal under 28 U.S.C. §1446(a) to the United States District Court for the Southern District of Texas, Houston Division, and would respectfully show:

<u>A. Introduction</u>

1.     On March 17, 2025, Plaintiff, Eduardo Oregon, (hereafter, the "*Plaintiff*"), sued the above-named Defendant in the County Court at Law No. 2 of Waller County, Texas. *See* Exhibits "2" and "3".

2.     In his suit styled *Eduardo Oregon v Dolgencorp of Texas d/b/a Dollar General;* Cause No. CV25-03-0057, Plaintiff alleges that he is entitled to damages due to a claimed injury he suffered while shopping at the premises allegedly owned and operated by Defendant occurring on or about December 21, 2024, at 4825 S. Front Street, Brookshire, Texas 77423. *See* Exhibit "3".

3.      Defendant was served by and through its registered agent with Plaintiff's Original Petition (hereafter, the "*Original Petition*") on March 18, 2025, by process server. *See* Exhibit "6". Defendant answered the Original Petition on April 14, 2025. *See* Exhibit "7".

4.      Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## B. Basis for Removal

5.      Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).

6.      According to the Original Petition, Plaintiff alleges that he is a resident of Waller County, Texas, and appears to have been a resident of Texas at the time of commencement of this action. *See* Exhibit "3", Paragraph 4.

7.      Named Defendant, Dolgencorp of Texas, Inc., is incorporated and organized under the laws of the State of Kentucky and maintains its principal place of business in the State of Tennessee. Defendant maintained its headquarters and principal place of business in the State of Tennessee at the time this action commenced. Thus, there is complete diversity of citizenship between Plaintiff and Defendant.

8.      Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). Plaintiff pleads for "monetary relief of $250,000 or less." *See* Exhibit "3", Paragraph 3.

9.      Plaintiff, additionally, seeks recovery for past and future medical expenses; past and future pain, suffering and mental anguish; past and future physical impairment; past and future physical disfigurement; and past lost wages and future loss of earning capacity proximately caused by

Defendant's tortious conduct to be determined by the trier of fact; and pre-judgment and post-judgment interest as allowed by law. *See* Exhibit "3", Paragraph 12.

10.      Because this action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1).

11.      Copies of all pleadings, process, orders, and other filings in the state court suit, as well as a list of counsel of record, are attached to this notice as required by 28 U.S.C. §1446(a). *See* Exhibits "1" through "9".

12.      Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

13.      Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

C. Jury Demand

14.      Defendant demands a trial by jury.

D. Conclusion

15.      Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in state court over which this Court has original jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are diverse in citizenship.

16.      For these reasons, Defendant Dolgencorp of Texas, Inc. asks the court to remove the suit to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**DORSETT JOHNSON & CISNEROS**

By: _____
Julianna Ajayi
State Bar No. 24133143
3503 Wild Cherry Dr., Bldg. 6
Austin, Texas 78738
Telephone:     (512) 600-4365
Facsimile:     (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEY FOR DEFENDANT**
**DOLGENCORP OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of the firm of Dorsett Johnson & Cisneros, attorneys for the Defendant Dolgencorp of Texas, Inc. herein, and that I have provided a copy of the foregoing to all counsel of record as reflected below this 16th day of April 2025.

Jonathan Webster
**DASPIT LAW FIRM**
440 Louisiana St., Ste 1400
Houston, TX 77002
e-service@daspitlaw.com
*Attorneys for Plaintiff*

_____
Julianna Ajayi

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EDUARDO OREGON** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Cause No. _____** |
| | § | |
| | § | |
| **DOLGENCORP OF TEXAS** | § | |
| **d/b/a DOLLAR GENERAL** | § | |
| *Defendant.* | § | |

<u>**INDEX OF DOCUMENTS FILED**</u>

As required under Local Rule 81, the following is a list of the documents being filed with

the Defendant Dolgencorp of Texas, Inc.'s ("*Defendant*") Notice of Removal in this action:

| Exhibit | Description |
|---|---|
| 1. | Index of Documents Filed |
| 2. | Docket Sheet for *Cause No. CV25-03-00057; Eduardo Oregon v Dolgencorp of Texas d/b/a Dollar General; in the County Court of Law #2, Waller County, Texas* |
| 3. | Plaintiff's Original Petition, filed March 17, 2025 |
| 4. | Civil Process Request |
| 5. | Original Petition Citation |
| 6. | Dolgencorp of Texas, Inc.'s Return of Service |
| 7. | Defendant Dolgencorp of Texas' Answer, Special Exceptions and Affirmative Defenses, filed April 14, 2025 |
| 8. | List of Counsel |
| 9. | Defendant's Notice of Filing of Notice of Removal |

# EXHIBIT "2"

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. CV25-03-0057

| | | | |
|---|---|---|---|
| **Eduardo Oregon vs. Dolgencorp of Texas D/B/A Dollar General** | § § § § § § | Case Type: | **Injury or Damage - Other** |
| | | Date Filed: | **03/17/2025** |
| | | Location: | **County Court at Law #2** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | D/B/A Dollar General , Dolgencorp of Texas | |
| | | |
| **Plaintiff** | Oregon, Eduardo | **JOHN ARTHUR DASPIT** |
| | | *Retained* |
| | | 713-322-4878(W) |

---

### EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 03/17/2025 | **Original Petition (OCA)** |
| 03/17/2025 | **CIVIL PROCESS REQUEST** |
| 03/17/2025 | **ISSUED CITATION** |
| | *DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL- Envelope # 98548817* |
| 03/17/2025 | **Jury Fee Paid** |
| 03/20/2025 | **RETURNED CITATION** |
| | *3/18/25 @ 2:59 PM* |
| 04/14/2025 | **Answer** |
| | *DEFENDANT DOLGENCORP OF TEXAS ANSWER, SPECIAL EXPECTATIONS & AFFIRMATIVE DEFENSES* |
| 04/14/2025 | **Answer** |
| | *DEFENDANT DOLGENCORP OF TEXAS ANSWER, SPECIAL EXPECTATIONS & AFFIRMATIVE DEFENSES- *FILED TWICE** |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Oregon, Eduardo | | | |
| | Total Financial Assessment | | | 358.00 |
| | Total Payments and Credits | | | 358.00 |
| | **Balance Due as of 04/16/2025** | | | **0.00** |
| | | | | |
| 03/17/2025 | Transaction Assessment | | | 358.00 |
| 03/17/2025 | E-File Payment | Receipt # EF-10452 | Oregon, Eduardo | (221.00) |
| 03/17/2025 | State Credit | | | (137.00) |

EXHIBIT "3"

Filed: 3/17/2025 7:58 AM
Liz Pirkle, District Clerk
Waller County, Texas
By: Tina Holloman, Deputy

CV25-03-0057

CAUSE NO. _____

| | | |
|---|---|---|
| **EDUARDO OREGON** | § | IN THE ~~DISTRICT COURT~~ |
| | § | |
| *Plaintiff*, | § | COUNTY COURT AT LAW NO. 2 |
| | § | |
| **v.** | § | **WALLER  COUNTY, TEXAS** |
| | § | |
| | § | |
| **DOLGENCORP OF TEXAS** | § | |
| **D/B/A DOLLAR GENERAL** | § | |
| | § | |
| *Defendant.* | § | _____ ~~JUDICIAL DISTRICT~~ |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Eduardo Oregon (hereinafter, "Plaintiff") complains of Defendant DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL (hereinafter, "Defendants"), and would respectfully show the Court that:

### Discovery Control Plan

1.      Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.      The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Waller County, Texas.

### Statement Regarding Monetary Relief Sought

3.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of $250,000 or less, excluding damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees and judgment for all other relief to which Plaintiff is justly entitled.

**Parties**

4.     Plaintiff Eduardo Oregon is an individual residing in Waller County, Texas.

5.      Defendant DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL (hereinafter, "Defendant General") is a Kentucky business entity engaged in business in Waller County, Texas. Defendant General may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers, at 211 E. 7th St., Suite 620, Austin, Texas 78701.

**Facts**

6.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about December 21, 2024. Plaintiff entered the Dollar General Store at 4825 S Front Street Brookshire, Texas 77423 . Plaintiff slipped on an oily substance on the floor inside the store. There was no signage noting that there was a puddle of water in the area. Plaintiff sustained injuries as a result of the fall.

7.     Plaintiff would show that, based on the above-described facts, Defendant General was negligent. Defendant General, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant General's premises.

8.     Defendant General is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

   a.  Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

   b.  Failure to inspect the premises where the dangerous condition existed;

   c.  Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

2

    d.   Failure to inform Plaintiff of the dangerous condition existing on the premises; and

    e.   Other acts deemed negligent.

9.     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

10.    Defendant General was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

**<u>Damages</u>**

11.    As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

12.    By virtue of the actions and conduct of Defendant General as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

    a.   Past and future medical expenses;

    b.   Past and future pain, suffering and mental anguish;

    c.   Past and future physical impairment;

    d.   Past and future physical disfigurement; and

    e.   Past lost wages and future loss of earning capacity.

13.    By reason of the above, Plaintiff is entitled to recover damages from Defendant General in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

**<u>Request for Disclosures</u>**

14.    Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendant General disclose, within fifty days of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

3

## Other Discovery

15.     Plaintiff refers you to the attached Requests for Admissions, Interrogatories and Requests for Production, and notifies you that a response is required within 50 days of service of these requests.

## Rule 193.7 Notice

16.     Plaintiff hereby gives actual notice to Defendant General that any and all documents produced may be used against Defendant General at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that this citation issues and be served upon Defendant General in a form and manner prescribed by law, requiring that Defendant General appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant General in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which she may be justly entitled.

*[Signature Block on Next Page]*

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Jonathan Webster*
Jonathan Webster
Texas State Bar No. 24102636
440 Louisiana St., Ste 1400
Houston, TX 77002
Telephone: (713)-322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jocelyn Hernandez on behalf of John Daspit
Bar No. 24048906
jhernandez@daspitlaw.com
Envelope ID: 98508949
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 3/17/2025 4:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan Webster | | webster@daspitlaw.com | 3/17/2025 7:58:05 AM | SENT |
| Jocelyn Hernandez | | jhernandez@daspitlaw.com | 3/17/2025 7:58:05 AM | SENT |
| John Daspit | | e-service@daspitlaw.com | 3/17/2025 7:58:05 AM | SENT |
| DLF Intake | | intake@daspitlaw.com | 3/17/2025 7:58:05 AM | SENT |
| Erik Johns | | ejohns@proactivelegal.com | 3/17/2025 7:58:05 AM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 3/17/2025 7:58:05 AM | SENT |

# EXHIBIT "4"

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: CV25-03-0057   CURRENT COURT: WALLER COUNTY

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): PLAINTIFF'S ORIGINAL PETITION

FILE DATE OF MOTION: 03/17/2025

Month/          Day/          Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL

   ADDRESS: 211 E. 7TH ST., SUITE 620 AUSTIN, TEXAS 78701

   AGENT, (if applicable): CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP          ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- ☐ MAIL                      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
   Type of Publication:    ☐ COURTHOUSE DOOR,  or
                           ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

*********************************************************************************************

****

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP          ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- ☐ MAIL                      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
   Type of Publication:    ☐ COURTHOUSE DOOR,  or
                           ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain daspit@proactivelegal.com, e-service@daspitlaw.com & jholder@proactivelegal.com; apatterson@proactivelegal.com (Emailed ONLY)

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: JONATHAN WEBSTER   TEXAS BAR NO./ID NO. 24102636

MAILING ADDRESS: 440 LOUISIANA STREET, SUITE 1400 HOUSTON, TEXAS 77002

PHONE NUMBER: 713   322-4878   FAX NUMBER: 713   587-9086
             area code   phone  number            area code   fax  number

EMAIL ADDRESS: daspit@proactivelegal.com, e-service@daspitlaw.com, jholder@proactivelegal.com, apatterson@proactivelegal.com

CIVC108 Revised 9/3/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____   AMENDED PETITION
_____   SUPPLEMENTAL PETITION


COUNTERCLAIM
_____   AMENDED COUNTERCLAIM
_____   SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____   AMENDED CROSS-ACTION
_____   SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____   AMENDED THIRD-PARTY PETITION
_____   SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____   AMENDED INTERVENTION
_____   SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____   AMENDED INTERPLEADER
_____   SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:

    ORDER TO:  _____
                                (specify)

    MOTION TO:  _____
                                (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)


CERTIORARI


EXECUTION
EXECUTION AND ORDER OF SALE


GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT


HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER


PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)


POSSESSION (PERSON)
POSSESSION (PROPERTY)


SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVCI08 Revised 9/3/99

EXHIBIT "5"

# CITATION
CV25-03-0057

| **CLERK OF THE COURT** | **ATTORNEY(S) FOR PLAINTIFF OR PLAINTIFFS** |
|---|---|
| LIZ PIRKLE | JOHN ARTHUR DASPIT |
| 400 SHERIFF R. GLENN SMITH DR. | 440 LOUISIANA SUITE 1400 |
| HEMPSTEAD, TEXAS 77445 | HOUSTON TX 77002 |

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org."

TO**: DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL AT 211 E. 7TH ST., SUITE 620 AUSTIN, TX. 78701 or WHEREVER MAY BE FOUND,** Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable Elton R. Mathis, County Court at Law No. 2 of Waller County, Texas at the Courthouse of said County in Hempstead, Texas. Said Petition was filed on the 17th day of March, 2025, in this case, **number CV25-03-0057** on the docket of said court, and styled,

### EDUARDO OREGON VS. DOLGENCORP OF TEXAS D/B/A DOLLAR GENERAL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Hempstead, Texas, on the 17th day of March, 2025.

LIZ PIRKLE, Clerk
District Court, Waller County, Texas

By: _Sumar Turner_
Sumar Turner, Deputy

# SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.M. and executed by delivering to each of the within-named defendant's, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
| | | | |

And not executed at to the defendant, _____
The diligence used in finding said defendant, being _____
And the cause of failure to execute this process is: _____
And the information received at to the whereabouts of the said defendant, being _____
**FEES**-Serving_____cop____$_____                    _____Sheriff
Total_____$_____                    _____County, Texas
By:_____

EXHIBIT "6"

# CITATION
CV25-03-0057

**CLERK OF THE COURT**
LIZ PIRKLE
400 SHERIFF R. GLENN SMITH DR.
HEMPSTEAD, TEXAS 77445

**ATTORNEY(S) FOR PLAINTIFF OR PLAINTIFFS**
JOHN ARTHUR DASPIT
440 LOUISIANA SUITE 1400
HOUSTON TX 77002

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO: **DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL AT 211 E. 7TH ST., SUITE 620 AUSTIN, TX. 78701 or WHEREVER MAY BE FOUND,** Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable Elton R. Mathis, County Court at Law No. 2 of Waller County, Texas at the Courthouse of said County in Hempstead, Texas. Said Petition was filed on the 17th day of March, 2025, in this case, **number CV25-03-0057** on the docket of said court, and styled,

### EDUARDO OREGON VS. DOLGENCORP OF TEXAS D/B/A DOLLAR GENERAL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Hempstead, Texas, on the 17th day of March, 2025.

CTH: 3/17/25
@ 10:30 AM

LIZ PIRKLE, Clerk
District Court, Waller County, Texas

By: _Sumar Turner_
Sumar Turner, Deputy

## SHERIFF'S RETURN

CAME TO HAND the _____ day of _____, _____, at _____ o'clock ____.M. and executed by delivering to each of the within-named defendant's, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE | |
|------|------|------|-------|--|
| | | | | |

And not executed at to the defendant, _____
The diligence used in finding said defendant, being _____
And the cause of failure to execute this process is: _____
And the information received at to the whereabouts of the said defendant, being _____
FEES-Serving_____ cop ____ $_____                          _____ Sheriff
Total_____ $_____          _____ County, Texas
                                          By:_____

IN THE COUNTY COURT AT LAW, NO. 2
WALLER COUNTY, TEXAS

CAUSE NO: CV25-03-0057

EDUARDO OREGON
VS
DOLGENCORP OF TEXAS, ET AL

# RETURN

Came to my hand:    3/18/2025    , at    10:30    o'clock    A.M.    , the following specified documents:

- **Citation**
- **Plaintiff's Original Petition**
- **Request for Disclosures**

and executed by me on:    3/18 2025    , at    2:59    o'clock    PM    , at

211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS, by delivering to DOLGENCORP OF TEXAS INC., dba DOLLAR GENERAL, by delivering to its registered agent, CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY, by delivering to employee/managing agent, CHRISTOPHER BAZACO , in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: KELLY MURSKI; PSC# 5912
Expiration Date: 10/31/2026

STATE OF TEXAS     }

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct.  Given under my hand and seal of office on this the 18th day of ____March____, 2025.

DANA L. McMICHAEL
ID #4733578
My Commission Expires
April 23, 2028

Notary Public

## Automated Certificate of eService
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 98658207
Filing Code Description: Motion (No Fee)
Filing Description: Return of Service
Status as of 3/20/2025 8:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| DLF Intake | | intake@daspitlaw.com | 3/19/2025 4:34:12 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 3/19/2025 4:34:12 PM | SENT |
| Jonathan  Webster | | webster@daspitlaw.com | 3/19/2025 4:34:12 PM | SENT |
| John  Daspit | | e-service@daspitlaw.com | 3/19/2025 4:34:12 PM | SENT |
| Erik Johns | | ejohns@proactivelegal.com | 3/19/2025 4:34:12 PM | SENT |
| Jocelyn  Hernandez | | jhernandez@daspitlaw.com | 3/19/2025 4:34:12 PM | SENT |

EXHIBIT "7"

Filed 4/14/2025 10:07 AM
Liz Pirkle, District Clerk
Waller County, Texas
By: Sumar Turner, Deputy

CAUSE NO. CV25-03-0057

| | | |
|---|---|---|
| EDUARDO OREGON | § | IN THE COUNTY COURT OF LAW |
| | § | |
| | § | |
| VS. | § | NO. 2 |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| D/B/A DOLLAR GENERAL | § | WALLER COUNTY, TEXAS |

## DEFENDANT DOLGENCORP OF TEXAS, INC.'S ANSWER, SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant, Dolgencorp of Texas, Inc. (hereinafter "Defendant"), and files its Original Answer, Special Exceptions and Affirmative Defenses to Plaintiff's Original Petition ("Petition" herein) and would respectfully show unto the Court as follows:

### GENERAL DENIAL

1.      As authorized by Rule 92, Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations found in Plaintiff's Petition and, since they are allegations of fact, the Plaintiff should be required to prove the allegations asserted against Defendant by a preponderance of the evidence in accordance with the laws of the State of Texas.

### SPECIAL EXCEPTIONS

2.      Defendant specially excepts to and moves to strike Plaintiff's allegations of "negligence". Although the petition purports to allege a negligence cause of action against Defendant, Plaintiff fails to show why premises liability allegations are inadequate.  The Texas Supreme Court has dictated that **a premises liability claim is Plaintiff's only viable cause of action when Plaintiff alleges injury resulting from a premises condition**. *H.E. Butt Grocery Co. v. Warner,* 845 S.W.2d 258, 259 (Tex. 1992*); Keetch v. Kroger,* 845 S.W.2d 262, 266 (Tex. 1992).

## **AFFIRMATIVE DEFENSES**

3.      Subject to the above pleadings and pleading affirmatively, Defendant respectfully alleges that Plaintiff's recovery of medical expenses must be limited to costs actually paid or incurred by Plaintiff pursuant to TEX. CIV. PRAC. & REM. C. § 41.0105.

4.      Subject to the above pleadings and pleading affirmatively, Defendant respectfully alleges that Plaintiff's recovery of economic and non-economic damages is limited pursuant to Tex. Civ. Prac. & Rem. Code. § 41.001, et. seq.

5.      Pleading further, and without waiver of the foregoing, Defendant asserts its right to a reduction or bar in Plaintiff's recovery based on the determination of comparative responsibility of any other party or settling person pursuant to Texas Civil Practice and Remedies Code Chapter 33 generally and Texas Civil Practice and Remedies Code § 33.001, 33.003, 33.012 and 33.013 specifically.

6.      Pleading further, and without waiver of the foregoing, Defendant denies that Plaintiff's injuries and damages, if any, proximately resulted from any act or omission on the part of the Defendant.

7.      Pleading further, and without waiving the foregoing, Plaintiff's injuries and damages, if any, resulted from new and independent causes unrelated to any conduct of Defendant.

8.      Pleading further, and without waiver of the foregoing, the incident complained of in Plaintiff's Petition was caused by negligence and carelessness on the part of Plaintiff, and this was the sole cause or at least a proximate cause of the incident made the basis of this lawsuit.

9.      Pleading further, and without waiving the foregoing, Defendant would respectfully show the court that the alleged condition made the subject of this litigation was open and obvious.

10.    Pleading further, and without waiving the foregoing, Plaintiff's injuries and damages, if any, were pre-existing.

11.    Pleading further, and without waiving the foregoing, Defendant would respectfully show the court that Plaintiff did not mitigate her damages.

## JURY DEMAND

12.    Defendant demands a trial by jury and the appropriate jury fee has previously been tendered.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that:

(1)    Plaintiff take nothing by this suit; and

(2)    Defendant recovers such other and further relief, both at law and in equity, to which it is justly entitled.

Respectfully submitted,

**DORSETT, JOHNSON & SWIFT LLP**

**C. Robert Dorsett, Jr.**
State Bar No. 24029524
**Allison K. Chandler**
State Bar No. 00791013
**Julianna Ajayi**
State Bar No. 24133143
3503 Wild Cherry Dr., Bldg. 6
Austin, TX 78738
Telephone:    (512) 600-4365
Facsimile:    (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**
**DOLGENCORP OF TEXAS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via Pro-Doc E-Service and Electronic Mail, on this the 14th day of April 2025:

Jonathan Webster
**DASPIT LAW FIRM**
440 Louisiana St., Ste 1400
Houston, TX 77002
e-service@daspitlaw.com
**Attorneys for Plaintiff**

_____
C. Robert Dorsett

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Laurie Perryman on behalf of C. Dorsett, Jr.
Bar No. 24029524
Lperryman@dorsettjohnson.com
Envelope ID: 99616284
Filing Code Description: Answer/Response
Filing Description: Answer/Response
Status as of 4/14/2025 10:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| DLF Intake | | intake@daspitlaw.com | 4/14/2025 10:07:42 AM | SENT |
| Dorsett Dorsett | | eservice@dorsettjohnson.com | 4/14/2025 10:07:42 AM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 4/14/2025 10:07:42 AM | SENT |
| Jonathan  Webster | | webster@daspitlaw.com | 4/14/2025 10:07:42 AM | SENT |
| John  Daspit | | e-service@daspitlaw.com | 4/14/2025 10:07:42 AM | SENT |
| Erik Johns | | ejohns@proactivelegal.com | 4/14/2025 10:07:42 AM | SENT |
| Julianna Ajayi | | jajayi@dorsettjohnson.com | 4/14/2025 10:07:42 AM | SENT |
| Jocelyn  Hernandez | | jhernandez@daspitlaw.com | 4/14/2025 10:07:42 AM | ERROR |

EXHIBIT "8"

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **EDUARDO OREGON** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Cause No. _____** |
| | § | |
| | § | |
| **DOLGENCORP OF TEXAS** | § | |
| **d/b/a DOLLAR GENERAL** | § | |
| *Defendant.* | § | |

**<u>LIST OF COUNSEL OF RECORD</u>**

| <u>Party and Party Type</u> | <u>Attorney(s)</u> |
|---|---|
| Eduardo Oregon, Plaintiff | Jonathan Webster<br>**DASPIT LAW FIRM**<br>State Bar No. 24102636<br>440 Louisiana St., Ste 1400<br>Houston, TX 77002<br>Telephone: (713) 322-4878<br>Facsimile: (713) 587-9086<br>Email: e-service@daspitlaw.com |
| Dolgencorp of Texas, Inc., Defendant | Julianna Ajayi<br>Dorsett Johnson & Cisneros<br>State Bar No. 24133143<br>3503 Wild Cherry Dr., Bldg. 6<br>Austin, Texas 78738<br>Telephone: (512) 600-4365<br>Facsimile: (512) 266-3655<br>E-mail: eservice@dorsettjohnson.com |

EXHIBIT "9"

CAUSE NO. CV25-03-0057

| | | |
|---|---|---|
| **EDUARDO OREGON** | § | **IN THE COUNTY COURT OF LAW** |
| | § | |
| | § | |
| **VS.** | § | **NO. 2** |
| | § | |
| **DOLGENCORP OF TEXAS** | § | |
| **D/B/A DOLLAR GENERAL** | § | **WALLER COUNTY, TEXAS** |

## DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL

On April 16, 2025, Defendant, Dolgencorp of Texas, filed a Notice of Removal (attached

herein as **Exhibit A**) in the Office of the Clerk of the United States District Court for the Southern

District of Texas, Houston Division.

Respectfully submitted,

**DORSETT JOHNSON & CISNEROS**

Julianna Ajayi
State Bar No. 24133143
3503 Wild Cherry Dr., Bldg. 6
Austin, Texas 78738
Telephone:    (512) 600-4365
Facsimile:    (512) 266-3655
**E-mail: eservice@dorsettjohnson.com
** Electronic service to this email only
**ATTORNEYS FOR DEFENDANT
DOLGENCORP OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via ProDoc E-Service, on this the 16th day of April 2025:

Jonathan Webster
**DASPIT LAW FIRM**
440 Louisiana St., Ste 1400
Houston, TX 77002
e-service@daspitlaw.com
*Attorneys for Plaintiff*

Julianna Ajayi